IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EMANUEL MARTIN SANCHEZ-GONZALEZ,

       Petitioner,                        No. 2:11-cv-0637 KJN

   vs.

MICHAEL McDONALD, Warden,[1]       <u>ORDER</u> and

       Respondent.                 <u>FINDINGS & RECOMMENDATIONS</u>

_____/

I. <u>Introduction</u>

        Petitioner is a state prisoner, proceeding without counsel, with an application for petition of writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Before the court is respondent's motion to dismiss the pending habeas petition as barred by the statute of limitations.  Petitioner has filed an opposition to the motion and respondent has filed a reply.  For the reasons set forth below, the undersigned recommends that respondent's motion be granted.

////

////

---

[1] Pursuant to respondent's request, Michael McDonald, the current Warden of High Desert State Prison, is substituted as respondent in place of T. Felker. Fed. R. Civ. P. 25(d).

1

II. Statutory Filing Deadlines

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act ("AEDPA") was enacted. Section 2244(d)(1) of Title 8 of the United States Code provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Section 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2).

For purposes of the statute of limitations analysis, the relevant chronology of this case is as follows:

1. Petitioner was convicted on February 29, 2008, of one count of attempted murder, and the following enhancements were found true: petitioner personally used a deadly weapon and inflicted great bodily injury under circumstances involving domestic violence. (Respondent's Lodge Document ("LD") 1.) Petitioner was sentenced to life with the possibility of parole. (LD 1-2.)

////

2. Petitioner filed a timely appeal of the conviction. On August 4, 2009, the California Court of Appeal for the Third Appellate District affirmed petitioner's judgment. (LD 2.)

3. On September 15, 2009, petitioner filed a petition for review in the California Supreme Court, which was denied without comment on October 22, 2009. (LD 3-4.)

4. No post-conviction collateral challenges were filed in state court.

5. Pursuant to Rule 3(d) of the Federal Rules Governing Section 2254 Cases, the instant action was constructively filed on February 25,[2] 2011. (Dkt. No. 1.)

The California Supreme Court denied the petition for review on October 22, 2009. (LD 4.) Petitioner's conviction became final ninety days later, on January 20, 2010, when the time for seeking certiorari with the United States Supreme Court expired. Bowen v. Roe, 188 F.3d 1157 (9th Cir. 1999). The AEDPA statute of limitations period began to run the following day, on January 21, 2010. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Absent tolling, petitioner's last day to file his federal petition was on January 20, 2011.

Petitioner filed no state post-conviction collateral challenges to his conviction. Therefore, the statute of limitations period expired on January 21, 2011. Petitioner filed the instant action on February 25, 2011, over one month after the limitations period expired. Accordingly, this action is time-barred unless petitioner can demonstrate he is entitled to equitable tolling.

III. Equitable Tolling

Petitioner alleges that he is entitled to equitable tolling because High Desert State Prison, where petitioner is incarcerated, was locked down seven different times between the California Supreme Court's denial of the petition for review on October 22, 2009, and the February 25, 2011 filing of the instant petition. Petitioner also contends that he has little

---

[2] Although the proof of service is signed on February 27, 2011, petitioner states that he served the petition on February 25, 2011. (Dkt. No. 1 at 15.)

education and is illiterate in English.

In Holland v. Florida, 130 S. Ct. 2549, 2560, 2562, 2564 (2010), the Supreme Court recognized that the AEDPA statute of limitations "may be tolled for equitable reasons" when the petitioner has made a showing of "extraordinary circumstances." To be entitled to equitable tolling, petitioner must demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). The Ninth Circuit has explained:

> To apply the doctrine in "extraordinary circumstances" necessarily suggests the doctrine's rarity, and the requirement that extraordinary circumstances "stood in his way" suggests that an external force must cause the untimeliness, rather than, as we have said, merely "oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling.

Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir. 2009) (internal citation omitted), cert. denied, 130 S. Ct. 244 (2009). It is petitioner's burden to show he is entitled to equitable tolling. Espinoza-Matthews v. People of the State of California, 432 F.3d 1021, 1026 (9th Cir. 2005). "[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (citation omitted).

The diligence prong in Pace requires the petitioner to show he engaged in reasonably diligent efforts to file his § 2254 petition throughout the time the limitations period was running. Mendoza v. Carey, 449 F.3d 1065, 1071 n.6 (9th Cir. 2006) (stating that equitable tolling "requires both the presence of an extraordinary circumstance and the inmate's exercise of diligence"). The petitioner must also demonstrate that he exercised reasonable diligence in attempting to file his habeas petition after the extraordinary circumstances began, otherwise the "link of causation between the extraordinary circumstances and the failure to file [is] broken." Spitsyn, 345 F.3d at 802. The "extraordinary circumstances" prong in Pace requires the petitioner to "additionally show that the extraordinary circumstances were the cause of his

4

untimeliness, and that the extraordinary circumstances made it impossible to file a petition on time." Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009) (internal quotations and citations omitted).

Petitioner argues that language and education impeded his ability to pursue his rights. Petitioner provides nothing other than his verified opposition to support his claims.

The case of Mendoza v. Carey is instructive. The Ninth Circuit held:

> [the] combination of (1) a prison law library's lack of Spanish-language legal materials, and (2) a petitioner's inability to obtain translation assistance before the one-year deadline, could constitute extraordinary circumstances.

Id., 449 F.3d at 1069. However, the court then determined the record was insufficient to show whether Mendoza had exercised the requisite diligence and remanded the case to allow the district court to clarify ambiguous facts. Id., 449 F.3d at 1071 n.6. The Ninth Circuit stated that "a non-English speaking petitioner seeking equitable tolling must, at a minimum, demonstrate that during the running of the AEDPA time limitation, he was unable, despite diligent efforts, to procure either legal materials in his own language or translation assistance from an inmate, library personnel, or other source." Id., 449 F.3d at 1070; see also Rodriguez v. Evans, 2007 WL 951820 at *4-5 (N.D. Cal. 2007) (Rodriguez' allegations that he does not speak English and had to get someone to help him prepare his petition[3] were an inadequate basis for equitable tolling because Rodriguez failed to make the detailed showing required by Mendoza.).

In his petition for writ of habeas corpus, Mendoza "had not provided any explanation for the lengthy delay in filing, other than the allegation that he had been hindered because he speaks Spanish and the prison does not provide Spanish language law books."

---

[3] In Rodriguez, there was no indication that an assistant or jailhouse lawyer prepared the petition or other pleadings. Id., at *4 n.3. Here, it is similarly unclear whether petitioner had assistance in filing the petition. Indeed, petitioner simply inserted the arguments from his petition for review filed in the California Supreme Court into the court's form for filing a federal petition. (Compare Dkt. No. 1 at 6-8, 10-12, with LD 3).

5

1   Mendoza, 449 F.3d at 1067.  However, in Mendoza's response to the order to show cause,

2   Mendoza provided detailed facts concerning two different prison law libraries, and a declaration

3   concerning his efforts to obtain legal materials in Spanish, to find staff persons who spoke

4   Spanish, and to find inmates who spoke Spanish.  Id. at 1067-68.  Mendoza also filed 47

5   identical, form declarations signed by Spanish-speaking prisoners, confirming that the prison law

6   libraries had no books in Spanish and no librarians or clerks who spoke Spanish.  Id. at 1068.

7   　　　　　In the instant case, petitioner "is a Mexican national, has little education[,] and is

8   illiterate concerning the [E]nglish language."  (Dkt. No. 14 at 1.)  Petitioner also notes a "lack of

9   access to adequate legal assistance and materials in Spanish," (id. at 2), citing Mendoza.

10  However, unlike Mendoza, petitioner does not allege that despite his diligent efforts he was

11  unable to secure legal materials in his own language or to obtain translation help from other

12  inmates, library personnel, or other sources.  Petitioner has provided no declarations of other

13  inmates or prison officials, and has failed to set forth what efforts he took to seek legal assistance

14  in Spanish or English.  See Diaz v. Kelly, 515 F.3d 149, 154 (2d Cir. 2008), cert. denied sub

15  nom. Diaz v. Conway, 129 S. Ct. 168 (2008) (in equitable tolling context, a petitioner has "a

16  substantial obligation to obtain assistance to mitigate his language deficiency").[4]  Petitioner has

17  made no showing of any diligence in obtaining translating and legal assistance between the

18  beginning of the statute of limitations period and February 25, 2011, when he filed the instant

19  petition.  Unlike Mendoza, petitioner has failed to identify specific facts that demonstrate it was

20  his language barrier, rather than his lack of diligence, that prevented him from timely pursuing

21  this action.

22  ////

23

---

24  [4] In Diaz, the Second Circuit held that prisoners are required to take steps to contact someone who speaks their language outside the prison who might assist in learning about the
25  legal requirements for filing a habeas corpus petition, and to make efforts to learn of such requirements within their places of confinement to demonstrate diligence for purposes of
26  equitable tolling.  Id.

Although petitioner claims to have a limited education, petitioner fails to explain what education he has, or demonstrate how his education is limited. Courts have recognized that a low educational level, even to the point of illiteracy, does not automatically entitle an inmate to equitable tolling. Cobas v. Burgess, 306 F.3d 441, 444 (6th Cir. 2002) (inability to understand English not necessarily a basis for equitable tolling);[5] Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (unfamiliarity with the law due to illiteracy not sufficient); Adkins v. Warden, 585 F. Supp. 2d 286, 298-99 (D. Conn. 2008) (educational deficits). Without more, this court cannot find that it was petitioner's limited education, rather than his lack of diligence, that prevented him from pursing this action.

Finally, petitioner has provided a list of dates his prison allegedly was on lockdown. (Dkt. No. 14.) However, lockdowns are not an extraordinary circumstance in prison that would justify or excuse petitioner's delay. As one district court observed:

> Lockdowns, however, and resulting restricted access to the prison law library are not, by themselves, extraordinary circumstances for prisoners. See e.g. Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2002) (recognizing that the lack of access to library material does not automatically qualify as grounds for equitable tolling); United States v. Van Poyck, 980 F.Supp. 1108, 1111 (C.D. Cal. 1997) (without demonstration of petitioner's diligence, lockdowns at prison allegedly eliminating access to law library were not extraordinary circumstances warranting equitable tolling); Rosati v. Kernan, 417 F.Supp.2d 1128, 1132 (C.D. Cal. 2006) ("[P]etitioner's complaints about limited access to the law library and legal materials at various state prisons and occasional prison lockdowns do not warrant equitable tolling since petitioner has not shown any causal connection between these events and his failure to timely file his habeas corpus petition."); see also Corrigan v. Barbery, 371 F.Supp.2d 325, 330 (W.D. N.Y. 2005) ("In general, the difficulties attendant on prison life such as transfers between facilities, solitary confinement, lockdowns, restricted access to the law library, and an inability to secure court documents, do not by themselves qualify as extraordinary circumstances."). In sum, Petitioner does not explain how any lockdowns constituted

---

[5] The court in Cobas ultimately found that the petitioner was not entitled to tolling because the petitioner could communicate in English, as evidenced by a 1993 detailed letter to appellate counsel written in English. See Cobas, 306 F.3d at 444. No such evidence is before this court.

extraordinary circumstances that prevented him from timely filing his federal petition.

Robinson v. Marshall, 2008 WL 2156745 at *3 (C.D.Cal. May 18, 2008).

Petitioner has not satisfied his burden of establishing that he acted diligently in filing his federal petition. Other than to recite the dates of the lockdowns, petitioner failed to explain how these lockdowns prevented petitioner from timely filing the instant petition. Petitioner is therefore not entitled to equitable tolling, and respondent's motion to dismiss should be granted as this action is time-barred.

IV. Conclusion

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court is directed to assign a district judge to this case; and

IT IS RECOMMENDED that respondent's June 3, 2011 motion to dismiss (dkt. no. 10) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the

////

////

////

specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 12, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

sanc0637.mtd